IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOLEDAD GARCIA VALENCIA,

                Plaintiff,

      v.

SBM MANAGEMENT SERVICES, LP, a
foreign limited partnership,

                Defendant.

Case No. 3:24-cv-00427-IM

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO
COMPEL ARBITRATION**

Grace Badik, Cassandra Blake, and David Henretty, Oregon Law Center, Hillsboro Regional
Office, 230 NE Second Avenue, Suite F, Hillsboro, OR 97124. Attorneys for Plaintiff.

Jessie L. Harris, Williams, Kastner & Gibbs PLLC, 601 Union Street, Suite 4100, Seattle, WA
98101, and Jackson Brannon, Williams, Kastner & Gibbs PLLC, 1515 SW Fifth Avenue, Suite
600, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      Before this Court is a Motion to Compel Arbitration ("Mot.") filed by Defendant SBM

Management Services, LP ("SBM" or "Defendant"), ECF 22. Plaintiff Soledad Garcia Valencia

opposes arbitration. Plaintiff's Response in Opposition to Defendant's Motion to Compel

Arbitration ("Resp."), ECF 30 at 1. Because the parties entered into a valid agreement containing

a binding arbitration clause, and this clause is not unconscionable under Oregon law, Defendant's Motion to Compel Arbitration is GRANTED. This action shall be stayed pending arbitration of Plaintiff's claims pursuant to 9 U.S.C. § 3.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Courts strongly favor arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

"On a motion to compel arbitration, the court applies a standard similar to the summary judgment standard applied under Rule 56 of the Federal Rules of Civil Procedure." *Stover-Davis v. Aetna Life Ins. Co.*, No. 15-CV-1938, 2016 WL 2756848, at *3 (E.D. Cal. May 12, 2016). As long as the evidence presented could be made admissible at trial, this Court can consider it for purposes of resolving the motion to compel arbitration. *Id.* If the court determines there are unresolved issues of material fact as to the formation of the arbitration agreement, the court must "proceed summarily" to a jury trial on the merits. 9. U.S.C. § 4. Alternatively, if the court grants a motion to compel arbitration, it must stay the proceeding. *Id.* § 3; *Smith v. Spizzirri*, 144 S. Ct. 1173, 1177–78 (2024).

When evaluating a motion to compel arbitration, courts should determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "The federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006) (brackets omitted). Instead, courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The party seeking to compel arbitration has the burden of proving the existence

PAGE 2 – OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION

of an arbitration agreement by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Arbitration agreements may be invalidated by generally applicable contract defenses, such as unconscionability. 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

## BACKGROUND[1]

Plaintiff is a former SBM employee. Declaration of Soledad Garcia Valencia ("Garcia Valencia Decl."), ECF 31 ¶ 10. She attests that she is a native Spanish speaker and that Spanish is her primary language. *Id.* ¶ 2. Plaintiff states that she attended one year of high school. *Id.* Plaintiff declares that Spanish is the primary language of many SBM employees. *Id.* ¶ 12. She states that SBM offers trainings in Spanish. *Id.*

On September 1, 2008, Plaintiff went to SBM's Beaverton office to apply for a job. *Id.* ¶¶ 3–4. Plaintiff states that, at the time, she "had very limited ability to read or write in English."[2] *Id.* ¶ 4. Plaintiff attests that she communicated with the SBM front desk employee in Spanish and told them that she did not read English. *Id.* ¶ 5. Plaintiff states that the job application was only offered in English and the SBM employee helped her fill it out. *Id.* Plaintiff declares that the SBM employee did not translate the application into Spanish but instead

---

[1] The facts for this Section are derived from the Complaint, ECF 1, and the exhibits provided by the parties, ECF 23, 31, 36, and 41–42. This Court will construe all facts and reasonable inferences that can be drawn from those facts in a light most favorable to Plaintiff.

[2] Defendant argues that Plaintiff was proficient in English at the time she signed the arbitration clause. Reply, ECF 35 at 11 & n.2; Declaration of Jackson Brannon, ECF 36, Exs. A–D. In response, Plaintiff provided further evidence of her limited English. *See* Surreply, ECF 40; Declaration of Soledad Garcia Valencia, ECF 41; Declaration of Hector Tellez, ECF 42. Defendant filed a Response in Opposition to Plaintiff's Surreply. ECF 43. This Court agrees with Defendant that this factual dispute is ultimately inconsequential. *Id.* at 4. As discussed below, even if Plaintiff speaks little English, she still cannot establish unconscionability or that the parties did not agree to arbitration.

instructed Plaintiff where to sign and initial and what to write. *Id.* Plaintiff did not understand the application. *See id.* For example, she states that she answered "no" to the question asking for proof of work authorization, even though she had such authorization, because she did not know what the question asked. *Id.* Plaintiff states that she "asked questions about the application, but the SBM employee did not answer them directly." *Id.* ¶ 8.

Plaintiff's employment application included an arbitration clause. Declaration of Janice Periolat ("Periolat Decl."), ECF 23 ¶ 4 (filed under seal); Employment Application, ECF 23-1 at 3–4. The arbitration clause states in relevant part:

> To resolve disputes arising from the application process or from the employment relationship (if I am offered employment) in an efficient and cost-effective manner, I and Company agree that any and all such claims that could be filed in a court of law, including but not limited to, claims of unlawful harassment or discrimination, wrongful failure to hire, wrongful demotion, defamation, wrongful discharge, breach of contract or invasion of privacy, shall be submitted to final and binding arbitration, and not to any other forum. . . .**This Arbitration Agreement Is A Waiver Of All Rights To A Civil Jury Trial For A Claim Of Harassment, Discrimination, Wrongful Termination, Or Any Other Claim Arising Out Of My Application For Employment and Employment (If Any).**

Employment Application, ECF 23-1 at 3–4 (emphasis in original). Plaintiff initialed and signed the arbitration clause and the employment application. *Id.*; Garcia Valencia Decl., ECF 31 ¶ 6. It took Plaintiff an hour to complete the four-page application. Garcia Valencia Decl., ECF 31 ¶ 5; Employment Application, ECF 23-1.

Plaintiff attests that the SBM employee did not discuss the arbitration section except for where to sign. Garcia Valencia Decl., ECF 31 ¶ 6. Plaintiff attests that she would not have signed the arbitration clause if she had known what it was and what it meant. *Id.* Plaintiff was not provided with a copy of the application at the time. *Id.* ¶ 8.

SBM hired Plaintiff as a custodian on approximately March 17, 2009. Periolat Decl., ECF 23 ¶ 3 (filed under seal). Plaintiff states that no SBM employee discussed the arbitration agreement when she was hired. Garcia Valencia Decl., ECF 31 ¶ 10. Plaintiff states that she never received a copy of the arbitration rules and was not told where they could be found. *Id.* Plaintiff attests that she was not aware of the arbitration agreement until she filed this action. *Id.* ¶ 11.

On March 6, 2024, Plaintiff filed suit against Defendant for (1) disability discrimination and failure to accommodate under the Americans with Disabilities Act; (2) disability discrimination and failure to accommodate under O.R.S. 659A.100; (3) discrimination and retaliation under the Family Medical Leave Act; (4) a violation of the Oregon Family Leave Act; and (5) wrongful termination. Complaint ("Compl."), ECF 1 ¶¶ 57–96. Defendant answered the Complaint on May 7, 2024. ECF 9. On August 9, 2024, Defendant moved to compel arbitration and for an order dismissing this action upon transfer to arbitration, or else an order staying this action pending the outcome of the arbitration. Mot., ECF 22 at 2.

## DISCUSSION

Applying Oregon contract law, this Court finds that there was a valid agreement to arbitrate. Plaintiff manifested assent to the arbitration clause and accepted the offer to arbitrate. This Court also finds that the arbitration clause is not unconscionable.

**A. The Parties Agreed to Arbitration.**

Plaintiff argues that there is no valid agreement to arbitrate because (1) "[t]here are disputed issues of fact as to whether there was mutual assent to arbitrate[;]" (2) there was fraud in the execution of the arbitration clause; (3) and "the offer [to arbitrate] terminated prior to Plaintiff's employment." Resp., ECF 30 at 5–10. Plaintiff also argues that the arbitration clause is unconscionable and should not be enforced. *Id.* at 10–16.

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION

1. **Plaintiff manifested assent to the arbitration clause.**

Plaintiff argues that there is factual dispute as to whether there was mutual assent "[b]ased on the circumstances surrounding her employment application," but she does not identify what facts she believes are in dispute. Resp., ECF 30 at 9–10. Under Oregon law, contract formation "requires a 'bargain in which there is a manifestation of mutual assent to the exchange.'" *Homestyle Direct, LLC v. Dep't of Hum. Servs.*, 354 Or. 253, 262 (2013) (quoting Restatement (Second) of Contracts § 17(1) (Am. L. Inst. 1981) ("Restatement")). Mutual assent may be expressed "in words or inferred from the actions of the parties." *Id.* Whether there is mutual assent is a question of fact. *Martin v. Comcast of Cal./Colo./ Fla./Or. Fin, Inc.*, 209 Or. App. 82, 97 (2006).

Considering the undisputed facts, and resolving disputes of fact in Plaintiff's favor, Plaintiff manifested mutual assent to arbitrate. In Oregon, contract law is concerned not with "the parties' undisclosed intents and ideas," but instead "their communications and overt acts." *State v. Heisser*, 350 Or. 12, 24 (2011) (internal quotation marks and citation omitted). Although Plaintiff "did not in fact read or understand the written terms," *id.*, she signed the arbitration clause. This is an overt act, and such signatories, regardless of having read or understood the written terms, are "generally bound." *Id.* (internal quotation marks omitted); *see also* Restatement § 19(3) ("The conduct of a party may manifest assent even though he does not in fact assent."). The parties manifested mutual assent when Defendant provided Plaintiff with the employment application containing an arbitration clause and Plaintiff completed, signed, and submitted the application. *See Homestyle Direct*, 354 Or. at 263 (finding mutual assent where defendant made an offer to plaintiff and plaintiff accepted by signing and returning the enrollment application with the terms). Thus, Defendant has met its burden of showing mutual assent.

2. **There was no fraud in the execution.**

Plaintiff next argues that Defendant committed fraud in the execution of the arbitration clause, *see* Resp., ECF 30 at 5–6, which would invalidate the mutual assent. *See* Restatement §§ 19(3), 163. Under Oregon law, the existence of fraud in the execution is a question for the court. *Castleman v. Stryker*, 107 Or. 48, 60 (1923). Fraud in the execution occurs when there is a "misrepresentation as to the character or essential terms of a proposed contract" and a party signs without knowing, or having a "reasonable opportunity to know[,] of [its] character or essential terms." Restatement § 163 & cmt a; *Black Rock Coffee Bar, LLC v. BR Coffee, LLC,* No. 3:20-CV-976-SI, 2020 WL 4728877, at *5 (D. Or. Aug. 14, 2020). Fraud in the execution "induces a party to believe the nature of his act is something entirely different than it actually is." *Sw. Adm'rs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 774 (9th Cir. 1986) (citing *Williston on Contracts* § 1488, at 332 (3d ed. 1970)). "It therefore exists where the alleged misrepresentation relates to the character of a document being signed, as where one party believes he is giving out an autograph when he is in fact entering a contract." *Resol. Tr. Corp. v. Kennelly*, 57 F.3d 819, 822 (9th Cir. 1995) (citing Restatement § 163, cmts. (a)–(c)). The misrepresentation may be "made by a party to the transaction or by a third person." Restatement § 163 cmt a.[3]

Plaintiff argues that she can establish fraud in the execution because she has provided evidence that she is a native Spanish speaker with limited English proficiency; that the job application was only provided in English despite Defendant's heavily Spanish speaking

---

[3] Defendant argues on reply that fraud in the execution must be established by clear and convincing evidence under Oregon law. Reply, ECF 35 at 7 (citing *Conzelmann v. Nw. Poultry & Dairy Prod. Co.*, 190 Or. 332, 350 (1950)). The *Conzelmann* case merely held that a fraud action, not the defense of fraud in the execution, must be established by "clear, satisfactory, and convincing evidence." 190 Or. at 350. This Court need not decide which standard applies because Plaintiffs have not offered any evidence that would prove fraud in the factum.

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION

workforce; that she asked for help from Defendant's employee in filling out the application, and

the employee did not translate the application or explain the arbitration clause; and the employee

did not directly answer Plaintiff's questions. Resp., ECF 30 at 5–8.[4]

As a preliminary matter, this Court addresses Defendant's argument that the SBM

employee's alleged statements are inadmissible hearsay. Reply, ECF 35 at 7. These statements

are not offered for the truth of the matter asserted therein, but rather the effect on Plaintiff in

allegedly causing her to sign the arbitration clause. Further, Plaintiff is in part offering what the

employee allegedly failed to tell her, which is the absence of a statement and not hearsay. This

Court will consider these statements for the purposes of this motion.

Turning to the record, Plaintiff has not provided any evidence suggesting that SBM made

a misrepresentation to Plaintiff concerning the arbitration clause. Plaintiff has not provided

evidence that she was "tricked or deceived into executing something different from what she

intended. She signed the very document she wished to sign . . . ." *Berry v. Richfield Oil Corp.*,

189 Or. 568, 588–89 (1950). She does not assert that the SBM employee misread the document

to her. *See Turner v. Bray*, 72 Or. 334, 335–36 (1914) (holding that fraud in the execution occurs

"if the instrument was misread to the party who signed it, then as read it never became the

agreement between the parties."); *see also* Restatement § 163 illus. 4 ("B is blind and gets C to

read the writing to him, but C, in collusion with A, reads it wrongly. B's apparent manifestation

---

[4] Both parties cite the Uniform Commercial Code ("U.C.C.") in their analysis of fraud. Resp., ECF 30 at 6; Reply, ECF 35 at 6 n.1. The U.C.C. does not apply to employment contracts, *see* U.C.C. § 2-102, and Plaintiff's employment application does not reference the U.C.C. *See* Employment Application, ECF 23-1 at 1–4. Thus, this Court applies Oregon common law.

of assent is not effective."). In this case, the SBM employee's alleged failure to directly answer Plaintiff's questions is insufficient to permit a reasonable inference of fraud.[5]

### 3. The offer did not expire.

Plaintiff also argues that there is no valid agreement to arbitrate "because the offer terminated prior to Plaintiff's employment" since six months elapsed between when Plaintiff signed the arbitration clause and her hire date. Resp., ECF 30 at 8. Plaintiff argues that, under Oregon law, "an offeree's power of acceptance is terminated at the end of a reasonable time." *Id.* (cleaned up) (quoting *Reedsport Sch. Dist. No. 105 v. Gulf Ins. Co.*, 210 Or. App. 679, 685 (2007)). Plaintiff's argument is premised on the assertion that Plaintiff was the offeror, and that she offered to arbitrate with SBM by submitting the employment application. However, this Court agrees with Defendant that SBM is the offeror. Reply, ECF 35 at 3. SBM made the offer of employment subject to arbitration and Plaintiff manifested her acceptance by signing the arbitration clause. Thus, there is no question of material fact regarding when Plaintiff's power of acceptance terminated.

Instead, as Defendant notes, "SBM's subsequent hiring of Plaintiff was not an acceptance of an offer to arbitrate, but rather satisfaction of a condition precedent to each party's performance under the Agreement." *Id.* A "condition" or "condition precedent" is "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." *Hill v. Oland*, 61 Or. App. 85, 90 (1982) (quoting Restatement § 224). "Whether a condition precedent exists . . . depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the

---

[5] This Court need not decide whether "Oregon law imposes an obligation of due diligence upon parties prior to signing a contract" and if Plaintiff has met this asserted obligation, Reply, ECF 35 at 10, since this Court finds that there is no representation.

surrounding circumstances." *Oregon Sw., LLC v. Kvaternik*, 214 Or. App. 404, 408, (2007)

(internal quotation marks omitted). Here, the arbitration clause contains the phrases: "if I am

offered employment" and "Employment (If Any)." Employment Application, ECF 23-1 at 3–4.

This language shows that an employment relationship between Plaintiff and SBM was a

condition precedent to the arbitration clause taking effect. Because SBM later hired Plaintiff, this

condition was satisfied. Accordingly, the arbitration clause is valid.

**B. Arbitration Clause Is Not Unconscionable.**

Plaintiff argues that the arbitration clause is unconscionable and should not be enforced.

Resp., ECF 30 at 10–16. Unconscionability is a question of law. *W. L. May Co. v. Philco-Ford*

*Corp.*, 273 Or. 701, 707 (1975). The party asserting unconscionability bears the burden of

demonstrating that the clause was unconscionable at the time the contract was made. *Id.* Under

Oregon law, "a contract validly made between competent parties is not to be set aside lightly."

*Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 551 (2014).

Unconscionability may be procedural or substantive. *Id.* at 555. Substantive

unconscionability refers to the contract terms and "focuses on whether the substantive terms

contravene the public interest or public policy." *Id.* An arbitration clause is substantively

unconscionable if its terms are sufficiently "one-sided or unreasonably unfair." *Livingston v.*

*Metro. Pediatrics, LLC*, 234 Or. App. 137, 152–53 (2010).

Here, the terms are not one-sided or unreasonably unfair. The arbitration clause provides

that Defendant will pay the arbitration costs. Employment Application, ECF 23-1 at 4; *Cf.*

*Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or. App. 553, 574 (2007) (finding cost-sharing

term in arbitration clause was substantively unconscionable where arbitration would cost

plaintiff six months' savings). Plaintiff is entitled to attorney's fees and costs if she prevails.

Employment Application, ECF 23-1 at 4. Although Defendant is entitled to such fees if it

PAGE 10 – OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION

prevails, *id.*, Plaintiff has not provided evidence that this fee-shifting provision would unreasonably burden her. *See Livingston*, 234 Or. App. at 155 (finding fee-shifting provision is not substantively unconscionable given the absence of evidence that this provision would deter plaintiff from pursuing his claims). Further, the arbitration clause "does not impose any limits on the type or amount of recovery that can be awarded by the arbitrator," "does not exclude punitive or statutory damages," "does not impose any limits on discovery or admissible evidence," "nor does it impose tight deadlines on the filing of claims." *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or. App. 610, 626 (2007). Plaintiff has not shown that the arbitration clause is substantively unconscionable.

The Oregon Supreme Court has not decided whether both substantive and procedural unconscionability are required to invalidate a contract on unconscionability grounds. *Bagley*, 356 Or. at 556 n.8. The Oregon Court of Appeals, however, has repeatedly held that substantive unconscionability is required. *See Carey v. Lincoln Loan Co.*, 203 Or. App. 399, 423 (2005) ("The substantive fairness of the challenged terms is always an essential issue."), *aff'd*, 342 Or. 530 (2007); *Vasquez-Lopez*, 210 Or. App. at 567 ("[O]nly substantive unconscionability is absolutely necessary."); *Hatkoff v. Portland Adventist Med. Ctr.*, 252 Or. App. 210, 218 (2012) (same). Given this authority, this Court declines Plaintiff's request to certify a question to the Oregon Supreme Court asking if substantive unconscionability is required. Resp., ECF 30 at 15–16; *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364 (1991) (listing certification criteria, including: "it must appear to the certifying court that there is no controlling precedent in the decisions of [the Oregon Supreme Court] or the Oregon Court of Appeals.").

In any event, considering undisputed facts and resolving disputes of fact in Plaintiff's favor, Plaintiff has not shown procedural unconscionability.

PAGE 11 – OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION

"Procedural unconscionability refers to the conditions of contract formation and focuses on two factors: oppression and surprise." *Bagley*, 356 Or. at 555. "Oppression exists when there is inequality in bargaining power between the parties, resulting in no real opportunity to negotiate the terms of the contract and the absence of meaningful choice." *Id.* Factors include the "existence of gross inequality of bargaining power, a take-it-or-leave-it bargaining stance, and the fact that a contract involves a consumer transaction, rather than a commercial bargain." *Id.* "Surprise involves whether terms were hidden or obscure from the vantage of the party seeking to avoid them" and includes "factors such as ambiguous contract wording and fine print." *Id.*

First, Plaintiff has not shown oppression. Plaintiff is correct that the arbitration clause "is part of a classic contract of adhesion, that is, an agreement between parties of unequal bargaining power, offered to the weaker party on a 'take-it-or-leave-it' basis." *Sprague v. Quality Rests. Nw., Inc.*, 213 Or. App. 521, 526 (2007) (granting motion to compel arbitration where the arbitration clause was "not entirely free from procedural unfairness" and the contract was formed under "somewhat oppressive" circumstances); Resp., ECF 30 at 12. But the fact that "a contract is adhesive does not alone render it unenforceable," and Plaintiff has not provided evidence of "any other oppressive circumstances." *Id.* Plaintiff has not shown that the arbitration clause "was the product of deception or compulsion." *Motsinger*, 211 Or. App. at 615. She was not forced to sign the arbitration clause. Further, Plaintiff was not rushed to sign and spent a full hour to complete the short application.

Plaintiff analogizes to *Vasquez-Lopez*, where the Oregon Court of Appeals found that an arbitration clause was procedurally unconscionable since the plaintiffs did not speak English and the defendant mislead the plaintiffs into thinking that the contract terms were favorable. 210 Or. App. at 567–68. Here, though Plaintiff attests she had only a limited ability to read English at the

PAGE 12 – OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION

time, there is no evidence that any SBM employee mislead Plaintiff into believing that the arbitration clause was favorable to her.

Nor is there evidence that any employee led Plaintiff to believe that the employment application did not contain an arbitration clause. *See Ramos v. Westlake Servs. LLC*, 242 Cal. App. 4th 674, 687 (2015) (affirming trial court's finding of procedural unconscionability where the defendant "provided [plaintiff, who spoke Spanish] with what purported to be a Spanish translation of the English Contract he was being asked to sign, a Spanish translation which did *not* contain the arbitration agreement."). Plaintiff has not provided any authority that Defendant was obligated to explain or translate the arbitration clause to Plaintiff, or to answer her questions. The fact that Plaintiff signed an arbitration clause in a language she states she did not understand, without more, does not bar enforcement of the arbitration clause.

Second, there is no evidence that Plaintiff was surprised by the arbitration clause. "The fact that the employment contract contained an arbitration clause was not hidden or disguised from [P]laintiff." *Motsinger*, 211 Or. App. at 616. The arbitration clause is labeled in bold and all caps as "**ARBITRATION**." Employment Application, ECF 23-1 at 3. The last sentence of the clause states, in bold: "**This Arbitration Agreement Is A Waiver Of All Rights To A Civil Jury Trial For A Claim Of Harassment, Discrimination, Wrongful Termination, Or Any Other Claim Arising Out Of My Application For Employment and Employment (If Any).**" *Id.* at 4. No other sentence in the application appears in bold. *See id.* at 1–4. The arbitration clause contains a line for the applicant's signature as opposed to other clauses of the agreement that request only the applicant's initials. *See id.* Plaintiff signed her name. *Id.* at 4. Thus, the arbitration clause is not unconscionable.

**CONCLUSION**

Defendant's Motion to Compel Arbitration, ECF 22, is GRANTED. This action is
STAYED pending arbitration. All deadlines are stricken. Defendant is ORDERED to provide a
status report by January 15, 2025 regarding the status of the arbitration proceeding and every
sixty (60) days thereafter. Within fourteen (14) days of the resolution of the arbitration
proceeding, the parties are ORDERED to submit a joint status report and, if appropriate, a
proposed case management schedule.

**IT IS SO ORDERED.**

DATED this 11th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge